# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Julie M. Dunnigan,<br><br>       Plaintiff,<br><br>v.<br><br>Federal Home Loan Mortgage Corporation d/b/a Freddie Mac,<br><br>       Defendant. | Case No. 15-cv-2626 (SRN/JSM)<br><br>**ORDER** |

John H. Goolsby, Goolsby Law Office, LLC, 475 Cleveland Ave. N., Ste. 212, St. Paul, MN 55104, for Plaintiff.

Ashley M. DeMinck and Ellen B. Silverman, Hinshaw & Culbertson, LLP, 333 South 7th St., Ste. 2000, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Dunnigan's Objections ("Objs.") [Doc. No. 91] to Magistrate Judge Mayeron's Report and Recommendation ("R&R") [Doc. No. 90] and Plaintiff's Motion for Attorney's Fees [Doc. No. 71]. For the reasons set forth below, Dunnigan's Objections are sustained in part and overruled in part. Consistent with this ruling, the Court adopts the Report and Recommendation in part and respectfully declines to adopt it in part.

## I.    BACKGROUND

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") did not object to the Report and Recommendation. Neither party objected to the procedural

history and facts as set forth in the Report and Recommendation. Thus, the Court cites to the Report and Recommendation in recounting the background of this case.

### A. Facts and Procedural Posture

Dunnigan alleges that in July of 2013, software used and operated by Freddie Mac erroneously listed the mortgage on her home as 90-days or more delinquent within the past year. (R&R at 1.) As a result of this classification, when Dunnigan later sought to refinance her home, Freddie Mac allegedly sent numerous "caution certificates" as part of the feedback it provided to loan originators who inquired into Dunnigan's credit scores. (Id. at 1–2.) Due at least in part to these caution certificates, Dunnigan was unable to obtain refinancing for several months and when she finally did, the mortgage terms were less favorable. (See id. at 2.)

When Dunnigan investigated the reason for the caution certificates, Freddie Mac allegedly represented to her that Equifax was erroneously reporting the delinquency on her mortgage. (Id.) Based on this representation, Dunnigan sued Equifax in 2014 for the erroneous reporting (hereinafter, the "Equifax Case"). (Id.) As part of discovery in the Equifax Case, Dunnigan subpoenaed records from Freddie Mac and deposed company representatives. (See id. at 6, 11–12.) Dunnigan alleges that it was through this discovery that she finally learned that Freddie Mac—not Equifax—was the source of the problem. (See id.) The Equifax Case was settled and dismissed in 2015. (Id. at 2.)

In June of 2015, Dunnigan brought the present suit against Freddie Mac. (Id.) Originally, Dunnigan alleged two violations of the Fair Credit Reporting Act ("FCRA"), but subsequently added various state law tort claims over the course of three amendments

to her Complaint. (Id.) At a hearing on Freddie Mac's motion to dismiss, this Court made clear that although Dunnigan's FCRA claims would survive for the time being, she had "an uphill battle" to show that Freddie Mac was a credit reporting agency, which was a legal issue and not a question of fact. (See Hr'g Tr. dated 2/12/2016 at 18 [Doc. No. 45].) Ultimately, the parties resolved their dispute when Freddie Mac made a Rule 68 Offer of Judgment, which Dunnigan accepted. (See Rule 68 Offer of Judg. and Acceptance ("Offer of Judg.") [Doc. No. 69].)

Two elements of the Offer of Judgment are important here. First, the Offer makes clear that it "does *not* constitute an admission of any liability or wrongdoing by Freddie Mac regarding Plaintiff's claims against Freddie Mac or otherwise." (Id. at 5[1] (emphasis added).) Second, the Offer included "an additional amount for Plaintiff's reasonable attorneys' fees and costs, in an amount to be determined by the Court." (Id. at 4.)

Pursuant to the Offer and the FCRA, Dunnigan moved for attorney's fees. (R&R at 3–4.) Ultimately, she sought $205,143.33 related to her FCRA claims, as well as a five percent "enhancement" of those fees.[2] (Id. at 5.) Magistrate Judge Mayeron ("Judge Mayeron") found that Dunnigan was entitled to fees generally, but not the full amount

---

[1] The Offer contains multiple, individually paginated documents. Thus, the Court cites to the ECF page number as it appears in the upper right hand corner of the Offer.

[2] Dunnigan also sought $21,350 for fees associated with pursuing her state law claims. (R&R at 5.) Magistrate Judge Mayeron found that the "source" of Dunnigan's entitlement to fees was the FCRA and denied the request for fees associated with other claims. (R&R at 17.) Dunnigan did not object to this conclusion and this Court adopts Judge Mayeron's well-reasoned recommendation not to award those fees.

3

that she sought.[3] (See id. at 35–36.) Specifically, Judge Mayeron concluded that Dunnigan was entitled to $99,140.57 in fees and declined to enhance that amount by the requested five percent. (Id. at 21–22, 35–36.)

In relevant part, Judge Mayeron recommended the following reductions to Dunnigan's fees. First, although she agreed Dunnigan was entitled to some fees associated with the work performed in the Equifax Case, Judge Mayeron recommended that only fees associated with work that ultimately assisted Dunnigan in her case against Freddie Mac should be awarded. (See id. at 23–25.) Judge Mayeron found that Dunnigan failed to provide the factual basis showing that many of her fees from the Equifax Case related to Freddie Mac and thus recommended reducing the request by $31,204.15. (Id. at 24–25.)

Second, Judge Mayeron recommended further reducing Dunnigan's fees by $20,335.86 for "unnecessary work" performed on matters such as summary judgment motions that were never filed, preparing jury instructions and verdict forms for a trial that was never close to occurring, and drafting motions to compel that were never filed. (Id. at 29–30.) Third, Judge Mayeron further reduced Dunnigan's fees by $43,255.24 for "excessive hours." (See id. at 31–35.) For example, Judge Mayeron concluded that eleven hours preparing a Rule 26(f) report and 105 hours related to the first and second motions to dismiss were unreasonable. (Id. at 31–34.) Fourth, Judge Mayeron

---

[3] Judge Mayeron concluded that the billing rate for Dunnigan's attorney—$350 per hour for legal work and $100 per hour for administrative tasks—was reasonable and in keeping with the prevailing market rate. (R&R at 22–23.) No party objected to this conclusion and this Court adopts Judge Mayeron's well-reasoned conclusion.

recommended further reducing Dunnigan's fees by $11,207.51 for administrative tasks performed by an attorney (and billed at the attorney's rate) and vague billing entries that prevented Judge Mayeron from determining whether they were reasonably necessary or not.[4] (See id. at 25–29.) In total, Judge Mayeron recommended reducing Dunnigan's requested fees by $106,002.76. (Id. at 35.)

Dunnigan filed objections to the Report and Recommendation. (See Objs.) Specifically, she objects to the recommended reductions for work performed in the Equifax Case, unnecessary or excessive work, and the denial of her "modest upward adjustment to the lodestar." (Id. at 1.) Freddie Mac filed a response in which it agreed with Judge Mayeron's recommendations and urged this Court to adopt the Report and Recommendation. (See Def.'s Reply Mem. of Law in Opp. ("Mem. in Opp.") [Doc. No. 93].)

## II. DISCUSSION

### A. Legal Standard

District courts conduct de novo reviews of specific objections to dispositive rulings by magistrate judges, including those on post-judgment motions for attorneys' fees. See 28 U.S.C. § 636(b)(1)(B); D. Minn. L.R. 72.2(b)(3); Pub. Record Media, LLC v. U.S. Dep't of Justice, No. 12-cv-1225 (MJD/AJB), 2013 WL 2480678, at *1 (D. Minn. June 7, 2013). However, "[o]bjections which are not specific but merely summarize or repeat arguments presented to and considered by a magistrate judge are not entitled to de

---

[4] Dunnigan did not object to the Judge Mayeron's recommended reduction for administrative tasks and vague billing. Thus, the Court adopts this portion of the Report and Recommendation.

novo review." Mashak v. Minnesota, No. 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012); Wedington v. United States, No. 12-cv-710 JRT/FLN, 2012 WL 3031240, at *1 (D. Minn. July 25, 2012), aff'd (Sept. 7, 2012) ("Objections which are not specific are not entitled to de novo review."). Moreover, when presenting arguments to the magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." Ridenour v. Boehringer Ingelheim Pharm., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). "A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006). New claims or arguments, presented for the first time in the objections to a report and recommendation, will not be reviewed. See Britton v. Astrue, 622 F. Supp. 2d 771, 776 (D. Minn. 2008); Nhut Le v. Wells Fargo Bank, N.A., No. 13-cv-1920 (SRN/JJK), 2014 WL 1672353, at *3 (D. Minn. Apr. 28, 2014) aff'd, 595 F. App'x 661 (8th Cir. 2015).

### B. Fees From the Equifax Case

Dunnigan argues that she is entitled to all of her fees associated with the Equifax Case. (See Objs. at 2–3.) She contends that it was only through discovery in the Equifax Case that she was able to learn that Freddie Mac—not Equifax—was the source of the erroneous mortgage delinquency reports. (See id. at 2.) To "prove" this claim, Dunnigan submitted an affidavit from her attorney ("Goolsby") offering details about—and documentation related to—discovery in the Equifax Case. (See Third Declaration of John H. Goolsby ("Third Goolsby Decl.") [Doc. No. 92].) Important here, the Third Goolsby Declaration was *not* provided to Judge Mayeron.

Dunnigan also argues that she is entitled to her attorneys' fees associated with responding to Freddie Mac's assertion that personal matter jurisdiction was lacking in the Equifax Case. (Objs. at 3.) Dunnigan contends that addressing Freddie Mac's jurisdictional resistance was necessary to obtaining the discovery that allowed her to bring this suit and ultimately prevail. (See id.) Dunnigan also requests her fees associated with preparing to address Freddie Mac's anticipated personal jurisdiction arguments (because of its resistance on these grounds in the Equifax Case) in this case. (See id. at 6.) In support of these arguments, Dunnigan points to evidence related to these specific fees that she provided Judge Mayeron. (See id. at 3, 6.)

This Court will not award Dunnigan any additional fees based on evidence and arguments she presented for the first time with her Objections. Dunnigan bore the burden of presenting Judge Mayeron with sufficient facts, documentation, and argument in support of all the fees she sought. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); Philipp v. ANR Freight Sys., Inc., 61 F.3d 669, 675 (8th Cir. 1995) ("[T]he plaintiff bears the burden of establishing an accurate and reliable factual basis for an award of attorneys' fees . . . ."). Her failure to satisfy this burden resulted in Judge Mayeron excluding the fees associated with written discovery in the Equifax Case. (R&R at 24–25.) Dunnigan does not get a second chance to meet this burden in her Objections to this Court. See Ridenour, 679 F.3d at 1067; Britton, 622 F. Supp. 2d at 776 (D. Minn. 2008).

7

However, the fees incurred addressing Freddie Mac's personal jurisdiction challenges are another matter. Dunnigan provided some evidence and argument—even if not clearly presented—as to why addressing these challenges was necessary in order for her to obtain the information that allowed her to bring the present suit. (Objs. at 3 (citing to evidence presented to Judge Mayeron).) This Court agrees that addressing Freddie Mac's jurisdictional challenges was in fact necessary in order to obtain that information. Thus, the Court increases Dunnigan's fee award by $974.17. (First Decl. of John H. Goolsby, Ex. C ("Goolsby Time Sheet") at 8/5/14, 8/18/14, and 6/15/15[5] [Doc. No. 76-3].) The total award for fees associated with the Equifax Case is $15,294.19 ($974.17 plus the $14,320.02 recommended by Judge Mayeron).

**C. Fees Related to Motions to Compel**

Dunnigan argues that she should be awarded fees associated with drafting numerous motions to compel that were ultimately never filed. (See Objs. at 6–8.) Specifically, Dunnigan contends that these motions were all "caused" by Freddie Mac's obstructionist tactics or lack of diligence during discovery. (See id.) However, Dunnigan is entitled to some of her requested attorney's fees because she prevailed on her FCRA claims, not because Freddie Mac allegedly acted improperly during discovery. (R&R at 2–3, 15–16.) Dunnigan never brought a motion for sanctions based on Freddie Mac's conduct during discovery and her mere allegations cannot serve as the basis for an award of fees now. (See id. at 16.) Dunnigan's objection is overruled.

---

[5] The Court refers to particular time entries by the date associated with them on the Goolsby Time Sheet.

### D. Fees For Drafting Jury Instructions and A Verdict Form

Dunnigan argues that she should be awarded the fees incurred drafting jury instructions and a verdict form for a trial that never happened. (Objs. at 8–9.) The Court declines to award these fees.

### E. Fees Associated With Preparing For Summary Judgment

Dunnigan argues that she should receive her attorney's fees related to work done in preparation for summary judgment. (See Objs. at 9–10.) She contends that from early on, it was clear that the case would likely be resolved, or substantially advanced, through summary judgment. (Id. at 9.) Thus, Dunnigan claims that her efforts to prepare for summary judgment—including legal research, drafting briefing, investigating experts, and preparing for depositions—were entirely reasonable, despite the fact that the parties' dispute was resolved before any summary judgment motion was actually filed. (Id. at 10.)

Dunnigan is correct that this Court indicated early on that her FCRA claims would likely rise or fall on summary judgment. (See Hr'g Tr. dated 11/25/2015 at 18 [Doc. No. 45]; Order dated 4/27/2016 at 14–15.) Thus, it was reasonable for her to begin preparing for summary judgment early by drafting briefing, preparing for depositions, and researching experts. The time Dunnigan expended on these activities was similarly reasonable in light of the fact that Freddie Mac evidenced its intent to pursue summary judgment and full discovery until just before it made the Offer. (See Objs. at 10 (describing a May of 2016 letter from Freddie Mac declaring its confidence regarding prevailing on summary judgment); Doc. No. 65 (Answer filed by Freddie Mac in July of

9

2016); Doc No. 68 (amended scheduling order issued in August of 2016 pursuant to the parties' stipulation to extend certain discovery and motion deadlines).)  The Court increases Dunnigan's award by $16,317.51, representing the time entries that refer to drafting briefing in preparation for summary judgment, preparing for depositions, and researching experts.  (See Goolsby Time Sheet at 1/22/2016, 1/25/2016, 1/28/2016, 2/1/2016, 2/4/2016, 3/14/2016, 3/15/2016, 5/5/2016, 5/11/2016, 5/12/2016, 5/25/2016, 6/14/2016, 6/27/2016, 7/22/2016, 7/25/2016, 7/28/2016, 7/29/2016, 8/1/2016, 8/2/2016, 8/4/2016, 8/8/2016, 8/9/2016, 8/22/2016, 8/23/2016, 8/29/2016.)  Dunnigan's objection is otherwise overruled.

### F. Fees Related to Certain Block Billing, Preparing for Depositions, and Researching and Telephoning Potential Experts

Dunnigan objects to the reduction of her attorney's fees associated with block billing related to preparing for summary judgment and drafting a settlement letter, preparing for depositions, and researching and calling potential experts.  (Objs. at 10–12.) The Court has already sustained these objections by awarding Dunnigan the fees associated with summary judgment.  See supra Part II.E.  To the extent that Dunnigan contends that she is entitled to fees other than those already awarded, she does not identify which fees in particular she believes fall into these categories.  Thus, the Court will not award more than it already has for these areas of work because Dunnigan failed to meet her burden of specifically identifying the fees to which she believes she is entitled.  See Hensley, 461 U.S. at 433; Philipp, 61 F.3d at 675.

### G. Reductions Related to Excessive Hours

Dunnigan objects to the reduction for unnecessary or excessive time spent on particular tasks. (See Objs. at 12–13.) Specifically, Dunnigan argues that the time she spent responding to motions to dismiss was reasonable because the issues in this case were complex. (Id. at 12.) Dunnigan also contends that the fees incurred addressing discovery issues were reasonable considering the significant amount of written discovery and because of Freddie Mac's resistance throughout the discovery process. (Id. at 13.)

Dunnigan's objection lacks merit. Although her FCRA claims raised the somewhat novel issue of whether Freddie Mac was a credit reporting agency, this was not an especially complex question. (See Order dated 4/27/2016 at 13–15.) This limited legal complexity and the narrow factual scope of the case readily distinguishes it from those cited by Dunnigan in support of her assertion that the 105 hours she spent defending against the motions to dismiss was reasonable. See, e.g., North Dakota v. Heydinger, No. 11-cv-3232 (SRN/SER), 2016 WL 5661926 (D. Minn. Sept. 29, 2016) (awarding attorneys' fees for 250 hours spent defending against a Rule 12 motion in a case dealing with complex issues of federal preemption and constitutional law); Hagen v. Messerli & Kramer, P.A., No. 14-cv-863 (DSD/JSM), 2015 WL 1963057, at *2 (D. Minn. Apr. 30, 2015) (awarding attorneys' fees for 100 hours spent briefing cross motions for summary judgment where the prevailing party was forced to address novel legal theories and unusual accusations against a legal aid attorney).

Similarly, the fact that there were discovery disputes does not explain why Dunnigan incurred the number of hours that she did—such as eleven hours drafting a

11

Rule 26(f) report. Rule 26(f) reports are commonplace in the vast majority of cases and discovery disputes are far from unusual. Moreover, if Dunnigan believed Freddie Mac was engaging in improper conduct during discovery, she could have moved for sanctions, but she did not. The Court will not award fees now based on allegedly improper discovery conduct. Finally, Dunnigan failed to meet her burden to provide Judge Mayeron with evidence of the allegedly complex written discovery that she claims supports her related attorney's fees. (See R&R at 34–35.) See Hensley, 461 U.S. at 433; Philipp, 61 F.3d at 675. She cannot attempt to remedy that deficiency now by providing some of those details in her Objections. (See Objs. at 13.) See Ridenour, 679 F.3d at 1067; Britton, 622 F. Supp. 2d at 776 (D. Minn. 2008). Thus, Dunnigan's objection is overruled.

### H. The Five Percent Enchancement

Dunnigan argues that she is entitled to a five percent enhancement to her fees. (See Objs. at 14–15.) She contends that it was Freddie Mac's unjustifiable false representation about the source of the mortgage delinquency report that caused a delay while Dunnigan "chased the wrong defendant." (Id. at 14.) Thus, Dunnigan asserts that she is entitled to a "modest" five percent enhancement on her fees.

In rare, extraordinary, or exceptional circumstances, an enhancement to an award of attorneys' fees may be warranted when an "unanticipated delay" in resolution of the case is "unjustifiably caused by the defense." See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 552–56 (2010). Dunnigan's objection suffers from at least two related problems. First, the Offer explicitly states that it "does not constitute an admission of any

liability or wrongdoing by Freddie Mac regarding Plaintiff's claims against Freddie Mac or otherwise." (Offer of Judg. at 5.) This denial of wrongdoing extends to Dunnigan's claim that Freddie Mac misled her as to the source of the reported mortgage delinquency. Dunnigan could have pursued her claims until there was an adjudication regarding Freddie Mac's representations, or insisted that an admission of guilt be contained in the Offer, but she did not. Her failure to do so precludes a fee enhancement based merely on alleged misrepresentations that were never established. See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC, No. 09-cv-3037 (SRN/LIB), 2016 WL 64285, at *4 n.5 (D. Minn. Jan. 5, 2016) ("To the extent Defendants disagree with this conclusion, they should have more carefully crafted their Offer of Judgment."); Sampson v. Embassy Suites, Inc., No. CIV. A. 95-7794, 1998 WL 726649, at *1 (E.D. Pa. Oct. 16, 1998) ("If there is any occasion in civil litigation which calls for caution and care by counsel, it is the drafting of a Rule 68 offer."). Second, there is no evidence of an "extraordinary outlay of expenses[,]" "exceptionally protracted" litigation, or an "exceptional delay in the payment of fees," that would warrant a fee enhancement. See Perdue, 559 U.S. at 555–56. Thus, Dunnigan's objection is overruled.

### III. CONCLUSION

For the reasons stated above, the Court sustains Dunnigan's objections in part and overrules them in part. As a result, the Court will increase the recommended award of attorney's fees by $17,291.68 ($974.17 for fees associated with addressing Freddie Mac's personal jurisdiction challenges plus $16,317.51 for fees associated with preparing for summary judgment) for a total award of $116,432.25 (the recommended award of

$99,140.57 plus the increase of $17,291.68). The Court will not apply any enhancement to this award.

## IV.  ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 91] are **SUSTAINED IN PART AND OVERRULED IN PART**.

2. The Report and Recommendation dated January 5, 2017 [Doc. No. 90] is **ADOPTED IN PART**.

3. Plaintiff's Motion for Reasonable Attorney's Fees [Doc. No. 71] is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. Plaintiff is awarded $116,432.25 in reasonable attorney's fees;

   b. Plaintiff's Motion is in all other respects **DENIED**.

Dated:  March 2, 2017

s/ Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge